1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   HUSBANDS FOR RENT,                )
                                       )      2:06-cv-1110-GEB-DAD
11                     Plaintiff,      )
                                       )      ORDER TO SHOW CAUSE
12        v.                           )      AND CONTINUING STATUS
                                       )      (PRETRIAL SCHEDULING)
13   TIM LLOYD,                        )      CONFERENCE AND RULE 4(m)
                                       )      NOTICE
14                     Defendant.      )
     ──────────────────────────────   )

15

16        The May 23, 2006, Order Setting Status (Pretrial Scheduling)

17   Conference ("May 23 Order") scheduled a status conference in this case

18   for September 11, 2006, and required the parties to file a joint

19   status report no later than fourteen days prior to the status

20   conference.  The Order further required that a status report be filed

21   regardless of whether a joint report could be procured.[1]  No status

22   ────────────────────────

23        [1]    As the Order states:

24             The failure of one or more of the parties to
             participate in the preparation of the Joint
25           Status Report does not excuse the other
             parties from their obligation to timely file
26           a status report in accordance with this
             Order.  In the event a party fails to
27           participate as ordered, the party timely
             submitting the status report shall include a
28                                            (continued...)

                                   1

report was filed.

Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on September 26, 2006, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for its failure to file a timely status report.

Plaintiff's written response shall also explain whether Plaintiff has effected service of process on Defendant, and whether Plaintiff has served Defendant with a copy of the May 23 Order.[2]  If service of process has been completed but Plaintiff has not yet served Defendant with a copy of the May 23 Order, Plaintiff shall also show cause why it and/or its counsel should not be sanctioned for failure to timely serve Defendant with a copy of the May 23 Order.  Further, if service of process has not been completed on or before September 19, 2006, Plaintiff shall show cause why this action should not be dismissed for failure to serve Defendant within the 120-day time period prescribed by Rule 4(m).

The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[3]  If a hearing is requested, it will be held on November 6, 2006,

---

[1](...continued)
        declaration explaining why it was unable to
        obtain the cooperation of the other party or
        parties.

May 23 Order at 2 n.1.

[2]    As prescribed in the May 23 Order, Plaintiff was required to serve Defendant with a copy of the May 23 Order "[c]oncurrently with the service of process, or as soon thereafter as possible . . . ."  May 23 Order at 1.

[3]    "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be

(continued...)

1  at 9:00 a.m., just prior to the status conference, which is

2  rescheduled to that date.  In accordance with the requirements set

3  forth in the May 23 Order, a status report shall be filed no later

4  than October 23, 2006.

5              IT IS SO ORDERED.

6  Dated:  September 1, 2006

7
                              /s/ Garland E. Burrell, Jr.
8                             GARLAND E. BURRELL, JR.
                              United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
        [3](...continued)
28  lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th
    Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the
    faults of attorneys, and their consequences, are visited upon
    clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

3